1  Patrick J. Stark, Esq. (149352)
   STARK & D'AMBROSIO, LLP
2  501 W. Broadway, Ste. 770
   San Diego, CA 92101
3
   Tel: (619) 338-9500
4  Fax: (619) 338-9595
5  Attorney for Defendant,
   BROKER SOLUTIONS, INC.
6
7
8              IN THE UNITED STATES DISTRICT COURT FOR THE
9          CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10  New American Funding, Inc.              )   Case No.   **SACV11-01668 DOC (JPRx)**
                                            )
11              Plaintiff,                  )
                                            )   **DEFENDANT BROKER SOLUTIONS,**
12  v.                                      )   **INC. DBA NEW AMERICAN FUNDING'S**
                                            )   **NOTICE AND PETITION FOR**
13  Broker Solutions, Inc., d/b/a New American )  **REMOVAL OF CIVIL ACTION FROM**
    Funding, a Business Entity, Form Unknown; )  **STATE COURT**
14  and DOES 1-10, inclusive;               )
                                            )   **State Court No. 30-2011-00488857**
15              Defendants.                 )
                                            )
16

17  **TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**
18  **DISTRICT OF CALIFORNIA, SOUTHERN DIVISION, AND COUNSEL OF RECORD:**
19       **PLEASE TAKE NOTICE** that Defendant BROKER SOLUTIONS, INC., dba NEW
20  AMERICAN FUNDING ("Defendant") through its undersigned counsel, removes the civil action
21  reflected in the attached pleadings from the court of the State of California where it was pending, and
22  respectfully represents as follows:
23       1.    Removal is jurisdictionally proper pursuant to 28 U.S.C. § 1441(b), and is based upon
24  Plaintiff NEW AMERICAN FUNDING, INC.'s ("Plaintiff") claim arising under 15 U.S.C. §
25  1125(a)(1)(A), 15 U.S.C. § 1125(a)(1)(B), and 15 U.S.C. § 1125(c)(1).  Removal to the United
26  States District Court for the Central District of California, Southern Division, is proper since the
27  state court action was filed in the Superior Court for the State of California, County of Orange.
28  ///

---

1 | 2. This removal is timely because Defendant first received Plaintiff's First Amended

2 | Complaint for Damages, by service or otherwise, on or after September 23, 2011, and this removal

3 | followed within thirty days afterward.

4 | 3. A copy of all pleadings received by Defendant is attached hereto as Exhibit A.

5 | 4. Defendant is requesting from the state court a copy of that court's pleading file, for

6 | filing under 28 U.S.C. § 1447(b) with this Court's Clerk upon receipt from that court.

7 | WHEREFORE, Defendant prays that the captioned action, formerly pending in a court of the

8 | State of California, proceed in This Honorable Court, and that the proceedings be governed by the

9 | applicable federal rules and statutes.

10 | Respectfully Submitted,

11 | Dated: October 26, 2011                STARK & D'AMBROSIO, LLP

12 |

13 | By: _____

14 | Patrick J. Stark, Esq.
Attorney for Defendant,
BROKER SOLUTIONS, INC.

# Exhibit A

1  Phu D. Nguyen, Bar No. 187966
   Justin Sterling, Bar No. 254416
2  DO PHU & ANH TUAN, PLC
   A Professional Law Corporation
3  10517 Garden Grove Blvd.
   Garden Grove, CA 92843
4  Tel (714) 590-1700
   Fax( 714) 590-7868
5
   Attorney for Plaintiff
6  New American Funding, Inc.

7

8

9              SUPREME COURT OF THE STATE OF CALIFORNIA

10            COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11                                             30-2011

12                                    00 4 88 8 5 7

13  New American Funding, Inc.          COMPLAINT FOR DAMAGES

14           Plaintiff,                 Causes of Action:
                                        1. Trade Name Infringement
15                                      2. Common Law Trademark Infringement
    vs.                                 3. Dilution in Value
16                                      4. Unfair Competition
    Broker Solutions, Inc., d/b/a New American
17  Funding, a Business Entity, Form
    Unknown; and DOES 1-10, inclusive;  JUDGE FRANCISCO F. FIRMAT
18                                       DEPT. C16
             Defendants.
19

20  COMES NOW, PLAINTIFF, MINH NGUYEN, d/b/a NEW AMERICAN FUNDING, and

21  complains of Defendants, BROKER SOLUTIONS, Inc., a Business Entity, Form Unknown

22  and DOES 1-10, Inclusive and alleges as follows

23

24  1. Plaintiff NGUYEN is an individual licensed to do business under the laws of the State

25  of California and having principal place of business in Fountain Valley, California.

26  2. Upon information and belief, Defendants Broker Solutions, Inc. is a business entity

27  doing business within the State of California and within the County of Orange.

28

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 05 2011

ALAN CARLSON, Clerk of the Court

BY:_____ F. IBARRA _____DEPUTY

1   3. PLAINTIFF is unaware of those individuals who are and may be a party to the

2   complaint and damages herein, and is further unaware of their relationship to these

3   named defendants, or of their interest, and therefore, sues them fictitiously. PLAINTIFF

4   will amend this complaint when the true names of such DEFENDANTs are discovered.

5

6                              COMMON ALLEGATIONS

7

8   4. PLAINTIFF has been doing business in Orange County since 1994 providing financial and real

9   estate services under the name New American Funding.

10  5. Plaintiff has registered with the County of Orange such an appropriate Fictitious Business Name

11  license since 1994.

12  6. In 2003, PLAINTIFF incorporated the business under this same name in the City of Fountain

13  Valley, Orange County, California.

14  7. Since 1994, PLAINTIFF has continuously used the name New American Funding as its trade

15  and service mark in connection with the services it provides. This Fictitious Business Name has

16  been held appropriately within the Laws of the State of California and is protected by the

17  California Business and Professions Code.

18  8. On Information and Belief, there was no other entity doing business under the name New

19  American Funding or with a trade mark, trade name, or service mark including that name before

20  1994 when PLAINTIFF began using such.

21  9. Due to PLAINTIFF's extensive, continuous use of the name New American Funding, such name

22  acquired a distinctiveness and is recognized in California and within the community at large.

23  PLAINTIFF has spent money promoting services identified under the mark, and has relied on its

24  distinctive use and attachment to PLAINTIFF's business in order to generate income. This trade

25  name is featured prominently in all of PLAINTIFF's papers, promotional materials, and the like.

26  10. On or about April 13, 2004, DEFENDANT Broker Solutions, Inc., falsely created the dba

27  "New American Funding" and has attempted to do business under said name. Such business is

28  confusingly similar to that of PLAINTIFF's services. In this manner, PLAINTIFF is informed and

1  believes and based thereon alleges that DEFENDANT's actions have interfered with present and

2  prospective clients' ability to contact PLAINTIFF and has caused confusion regarding

3  PLAINTIFF's products and services and PLAINTIFF's affiliation with and sponsorship of

4  DEFENDANT's activities.

5  11. When PLAINTIFF became aware that DEFENDANT had been doing business under its name,

6  PLAINTIFF demanded that DEFENDANT surrender the name.

7  12. DEFENDANT has refused on multiple occasions to surrender the name.

8

9                        CAUSES OF ACTION

10                      FIRST CAUSE OF ACTION

11          (Trade Name Infringement in Violation of Cal. Bus. & Prof. Code §14415)

12  13. PLAINTIFF incorporates and realleges herein by this reference as though set forth in full

13  Paragraphs 1 through 12.

14  14. DEFENDANT's actions constitute trade name ifnringement in violation of Cal. Bus. & Prof.

15  Code §14415.

16  15. DEFENDANT's wrongful acts have caused and continue to cause irreparable harm to

17  PLAINTIFF. DEFENDANT's actions if not preliminarily and permanently enjoined, will continue.

18  PLAINTIFF has no adequate remedy at law in that DEFENDANT's conduct is irreparably harming

19  PLAINTIFF and the amount of its damages is difficult to ascertain. PLAINTIFF is therefore

20  entitled to a preliminary and permanent injunction prohibiting DEFENDANT from using

21  PLAINTIFF's trade name, or any trade name similar thereto, including but not limited to as a

22  domain name, and on promotional materials, letterheads, business cards, and advertisements.

23  16. As a direct and proximate result of DEFENDANT's unlawful conduct, PLAINTIFF has

24  incurred damages in an amount to be proved at trial consisting of, among other things, lost

25  revenues, injury to its business relationships, and diminuition in the value of and goodwill

26  associated with its trade name.

27  17. DEFENDANT's use of PLAINTIFF's New American Funding trade name has been done

28  willfully, knowingly, and with conscious disregard of PLAINTIFF's rights such as to constitute

1  malice. PLAINTIFF is therefore entitled to punitive damages.

2

3                       SECOND CAUSE OF ACTION

4                (COMMON LAW TRADE MARK INFRINGEMENT)

5  18. PLAINTIFF incorporates and realleges herein by reference as though set forth in full

6  Paragraphs 1 through 17.

7  19. DEFENDANT's actions as described above, and specifically, without limitation to, use of the

8  Name on the Internet, on publications, on advertisements, and on business documents transmitted

9  to others constitute infringement under California common law.

10  20. DEFENDANT's wrongful acts have caused and continue to cause irreparable harm to

11  PLAINTIFF. DEFENDANT's actions, if not preliminarily and permanently enjoined, will

12  continue. PLAINTIFF has no adequate remedy at law in that DEFENDANT's conduct is

13  irreparably harming PLAINTIFF and the amount of its damages is difficult to ascertain.

14  PLAINTIFF is therefore entitled to a preliminary and permanent injunction prohibiting

15  DEFENDANT from using the name or any similar name, including but not limited to including but

16  not limited to as a domain name, and on promotional materials, letterheads, business cards, and

17  advertisements.

18  21. As a direct and proximate result of DEFENDANT's unlawful conduct, PLAINTIFF has

19  incurred damages in an amount to be proved at trial consisting of, among other things, lost

20  revenues, injury to its business relationships and diminution in the value of and goodwill

21  associated with the Name.

22  22. DEFENDANT's use of the trade name has been done willfully, knowingly, and with conscious

23  disregard of PLAINTIFF's rights such as to constitute malice. PLAINTIFF is therefore entitled to

24  punitive damages.

25

26                        THIRD CAUSE OF ACTION

27            (Dilution in Violation of Cal. Bus. & Prof. Code §14330)

28  23. PLAINTIFF incorporates and realleges herein by this reference as set forth in full Paragraphs 1

COMPLAINT FOR DAMAGES                              4

1 through 22.

2 24. PLAINTIFF is informed and believes and therefore alleges that DEFENDANT's registration

3 and use of and refusal to transfer the Name to PLAINTIFF has diluted and/or is likely to further

4 dilute the distinctive quality of the Name, thereby causing injury to PLAINTIFF's business,

5 reputation, and the Name itself which is a valuable asset of Plaintiff.

6 25. By and through its wrongful conduct as described herein, DEFENDANT has caused and

7 continues to cause irrelarable injury to the business reputation of PLAINTIFF and dilution of the

8 distinctive quality of the Name in violation of Cal. Bus. & Prof. Code §14330 and PLAINTIFF's

9 rights at common law. DEFENDANT's actions, if not preliminarily and permanently enjoined, will

10 continue. PLAINTIFF has no adequate remedy at law in that DEFENDANT's conduct is

11 irreparably harming PLAINTIFF and its damages are difficult to ascertain. PLAINTIFF is therefore

12 entitled to a preliminary and permanent injunction prohibiting DEFENDANT from using the name

13 or any similar name, including but not limited to including but not limited to as a domain name,

14 and on promotional materials, letterheads, business cards, and advertisements.

15

16 FOURTH CAUSE OF ACTION

17 (Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 *et.seq.*)

18 26. PLAINTIFF incorporates and realleges herein by this reference as though set forth in full

19 Paragraphs 1 through 25.

20 27. PLAINTIFF is informed and believes and therefore alleges that DEFENDANT is making use

21 of the Name for the unlawful purpose of traiding on the value of PLAINTIFF's reputation and

22 goodwill and on the goodwill associated with the Name. Such use constitutes unfair competition in

23 violation of Cal. Bus. & Prof. Code §17200 *et.seq.*

24 28. DEFENDANT's acts of unfair competition have caused and continue to cause irrepreable

25 injury to PLAINTIFF's business, goodwill and reputation as well as to the value and goodwill of

26 the Name. DEFENDANT's actions, if not preliminarily and permanently enjoined, will continue.

27 PLAINTIFF has no adequate remedy at law in that DEFENDANT's conduct is irreparably harming

28 PLAINTIFF and its damages are difficult to ascertain. PLAINTIFF is therefore entitled to

1   preliminary and permanent injunction prohibiting DEFENDANT from using the name or any

2   similar name, including but not limited to including but not limited to as a domain name, and on

3   promotional materials, letterheads, business cards, and advertisements.

4   29. PLAINTIFF is further informed and believes and based thereon alleges that as a result of

5   DEFENDANT's acts of unfair competition, DEFENDANT has been unjustly enriched at

6   PLAINTIFF's expense. DEFENDANT should be required to restore the value of any such benefits

7   to PLAINTIFF.

8

9                                    PRAYER FOR RELIEF

10        WHEREFORE, PLAINTIFF prays for judgment against Defendant as follows:

11   1. For an Order preliminarily and permanently enjoining Broker Solutions, Inc., and each of its

12   agents, servants and employees and all others acting in concert with and having knowledge thereof,

13   from using the Name, or any likewise names thereof, in any manner whatever;

14   2. For an Order requiring Broker Solutions to transfer or otherwise relinquish the domain name

15   registration obtained for the domain name newamericanfunding.com, and any other uses of the

16   Name on the Internet;

17   3. For an accounting by Broker Solutions for any and all revenues and profits derived from its

18   wrongful actions and to pay PLAINTIFF such amounts and all damages which PLAINTIFF has

19   sustained by reason of acts complained of herein;

20   4. For an Order requiring Broker Solutions to restore to PLAINTIFF any benefits it has received as

21   a result of its use of the Name;

22   5. For general damages according to proof;

23   6. For punitive damages in an amount sufficient to deter similar future conduct;

24   7. For costs incurred;

25   8. For attorneys fees incurred;

26   9. For any and all further relief that the Court deems just and proper.

27

28

COMPLAINT FOR DAMAGES                              6

1   Dated:_____

Justin Sterling

Do Phu & Anh Tuan, PLC

Attorneys for Plaintiffs

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   Phu D. Nguyen, Bar No. 187966
    Justin Sterling, Bar No. 254416
2   DO PHU & ANH TUAN, PLC
    A Professional Law Corporation
3   10517 Garden Grove Blvd.
    Garden Grove, CA 92843
4   Tel (714) 590-1700
    Fax( 714) 590-7868
5
    Attorney for Plaintiff
6   New American Funding, Inc.

7

8

9              SUPREME COURT OF THE STATE OF CALIFORNIA

10             COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11

12

| 13 | New American Funding, Inc. | Case No.: 30-2011-0048857 |
|----|----------------------------|---------------------------|
| 14 | Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES |
| 15 | vs. | |
| 16 | | Causes of Action: 1. Common Law Trademark Infringement |
| 17 | Broker Solutions, Inc., d/b/a New American Funding, a Business Entity, Form Unknown; and DOES 1-10, inclusive; | 2. Unlawful Competition 3. Interference With Prospective Economic Advantage |
| 18 | | |
| 19 | Defendants. | |

20   COMES NOW, PLAINTIFF, MINH NGUYEN, d/b/a NEW AMERICAN FUNDING, and

21   complains of Defendants, BROKER SOLUTIONS, Inc., a Business Entity, Form Unknown

22   and DOES 1-10, Inclusive and alleges as follows

23

24   1. Plaintiff NGUYEN is an individual licensed to do business under the laws of the State

25   of California and having principal place of business in Fountain Valley, California.

26   2. Upon information and belief, Defendants Broker Solutions, Inc. is a business entity

27   doing business within the State of California and within the County of Orange.

28

COMPLAINT FOR DAMAGES

1    3. PLAINTIFF is unaware of those individuals who are and may be a party to the

2    complaint and damages herein, and is further unaware of their relationship to these

3    named defendants, or of their interest, and therefore, sues them fictitiously. PLAINTIFF

4    will amend this complaint when the true names of such DEFENDANTs are discovered.

5

6                           COMMON ALLEGATIONS

7

8    4. PLAINTIFF has been doing business in Orange County since 1994 providing financial and real

9    estate services under the name New American Funding.

10    5. Plaintiff has registered with the County of Orange such an appropriate Fictitious Business Name

11    license since 1994.

12    6. In 2003, PLAINTIFF incorporated the business under this same name in the City of Fountain

13    Valley, Orange County, California.

14    7. Since 1994, PLAINTIFF has continuously used the name New American Funding as its trade

15    and service mark in connection with the services it provides. This Fictitious Business Name has

16    been held appropriately within the Laws of the State of California and is protected by the

17    California Business and Professions Code.

18    8. On Information and Belief, there was no other entity doing business under the name New

19    American Funding or with a trade mark, trade name, or service mark including that name before

20    1994 when PLAINTIFF began using such.

21    9. Due to PLAINTIFF's extensive, continuous use of the name New American Funding, such name

22    acquired a distinctiveness and is recognized in California and within the community at large.

23    PLAINTIFF has spent money promoting services identified under the mark, and has relied on its

24    distinctive use and attachment to PLAINTIFF's business in order to generate income. This trade

25    name is featured prominently in all of PLAINTIFF's papers, promotional materials, and the like.

26    10. On or about April 13, 2004, DEFENDANT Broker Solutions, Inc., created the dba "New

27    American Funding" and has attempted to do business under said name. Such business is

28    confusingly similar to that of PLAINTIFF's services. In this manner, PLAINTIFF is informed and

1  believes and based thereon alleges that DEFENDANT's actions have interfered with present and

2  prospective clients' ability to contact PLAINTIFF and has caused confusion regarding

3  PLAINTIFF's products and services and PLAINTIFF's affiliation with and sponsorship of

4  DEFENDANT's activities.

5  11. When PLAINTIFF became aware through an incorrectly served lawsuit against DEFENDANT

6  on or about March 6, 2010 that DEFENDANT had been doing business under PLAINTIFFS Name,

7  PLAINTIFF demanded that DEFENDANT surrender the Name.

8  12. DEFENDANT has refused on multiple occasions to surrender the Name.

9

10                              FIRST CAUSE OF ACTION

11                  (COMMON LAW TRADE MARK INFRINGEMENT)

12  13. PLAINTIFF incorporates and realleges herein by reference as though set forth in full

13  Paragraphs 1 through 12.

14  14. DEFENDANT's actions as described above, and specifically, without limitation to, use of the

15  Name on the Internet, on publications, on advertisements, and on business documents transmitted

16  to others constitute infringement under California common law.

17  15. DEFENDANT's wrongful acts have caused and continue to cause irreparable harm to

18  PLAINTIFF. DEFENDANT's actions, if not preliminarily and permanently enjoined, will

19  continue. PLAINTIFF has no adequate remedy at law in that DEFENDANT's conduct is

20  irreparably harming PLAINTIFF and the amount of its damages is difficult to ascertain.

21  PLAINTIFF is therefore entitled to a preliminary and permanent injunction prohibiting

22  DEFENDANT from using the name or any similar name, including but not limited to including but

23  not limited to as a domain name, and on promotional materials, letterheads, business cards, and

24  advertisements.

25  16. As a direct and proximate result of DEFENDANT's unlawful conduct, PLAINTIFF has

26  incurred damages in an amount to be proved at trial consisting of, among other things, lost

27  revenues, injury to its business relationships and diminuition in the value of and goodwill

28  associated with the Name.

1   17. DEFENDANT's use of the trade name has been done willfully, knowingly, and with conscious

2   disregard of PLAINTIFF's rights such as to constitute malice. PLAINTIFF is therefore entitled to

3   punitive damages.

4

5                          SECOND CAUSE OF ACTION

6           (Unlawful Competition in Violation of Cal. Bus. & Prof. Code § 17200 *et.seq.*)

7   18. PLAINTIFF incorporates and realleges herein by this reference as though set forth in full

8   Paragraphs 1 through 17.

9   19. PLAINTIFF is informed and believes and therefore alleges that DEFENDANT is making use

10  of the Name for the unlawful purpose of trading on the value of PLAINTIFF's reputation and

11  goodwill and on the goodwill associated with the Name. Such use constitutes unlawful competition

12  in violation of Cal. Bus. & Prof. Code §17200 *et.seq* as enumerated below..

13  20. DEFENDANT's acts of unlawful competition have caused and continue to cause irreparable

14  injury to PLAINTIFF's business, goodwill and reputation as well as to the value and goodwill of

15  the Name. DEFENDANT's actions, if not preliminarily and permanently enjoined, will continue.

16  PLAINTIFF has no adequate remedy at law in that DEFENDANT's conduct is irreparably harming

17  PLAINTIFF and its damages are difficult to ascertain. PLAINTIFF is therefore entitled to

18  preliminary and permanent injunction prohibiting DEFENDANT from using the name or any

19  similar name, including but not limited to including but not limited to as a domain name, and on

20  promotional materials, letterheads, business cards, and advertisements.

21  21. Under 15 U.S.C. 1125(a)(1)(A,B) and (c)(1), by continuing to use the Name after being

22  notified of a superior-in-time right by PLAINTIFF, DEFENDANT has attempted to provide

23  services and or goods in commerce, using the PLAINTIFF's Name in such a way that would cause

24  'confusion, mistake, or [to deceive] within the reading of 15 U.S.C. 1125(a).

25  22. PLAINTIFF has received no fewer than three (3) complaints from various parties who have

26  improperly served it, while actually seeking to serve DEFENDANT. These parties have been

27  deceived, confused, and/or are mistaken as to the true ownership of the Name.

28  23. On information and belief, DEFENDANT through its actions, has diluted PLAINTIFF's Name

1   by engaging in business practices that give rise to suits at law, and then causing PLAINTIFF's

2   reputation to suffer by it being served with such claims and PLAINTIFF's customers and potential

3   customers to believe it is the business committing these acts giving rise to said suits.

4   24. Based upon California Business and Professions Code §14247(a) and §14250, PLAINTIFF

5   seeks the type of localized injunctive relief as set forth in Cal.Bus.&Prof. Code §14247(b).

6   25. PLAINTIFF has been doing business under the name as set forth earlier in this COMPLAINT,

7   and as a result, is well known amongst the Vietnamese community in Orange County through

8   publication and advertisement in various mediums including Internet and print.

9   26. On information and belief, the volume and extent of PLAINTIFF's sales within the Orange

10  County Vietnamese community is sufficient, as well as the actual recognition of PLAINTIFF's use

11  of the trade name, to create a cause of action allowing for an injunction under §14247(a)(1),(2),(3).

12  27. Due to PLAINTIFF's notification to DEFENDANT that PLAINTIFF was first in time in using

13  the trade name, and sought to protect its rights to the same, and DEFENDANT's refusal to cease

14  using the name, DEFENDANTs have "willfully" continued to use the name, diluting it within the

15  meaning of §14247(b).

16  28. PLAINTIFF is further informed and believes and based thereon alleges that as a result of

17  DEFENDANT's acts of unfair competition, DEFENDANT has been unjustly enriched at

18  PLAINTIFF's expense. DEFENDANT should be required to restore the value of any such benefits

19  to PLAINTIFF.

20                          THIRD CAUSE OF ACTION

21                  (Interference with Prospective Economic Advantage)

22  29. PLAINTIFF incorporates and realleges herein by this reference as though set forth in full

23  Paragraphs 1 through 28.

24  30. PLAINTIFF is engaged in providing financial assistance and other services to clients

25  throughout California, especially in the Orange County area and in the Vietnamese community.

26  Plaintiff's economic relationships with these clients are continuing and renewable with the

27  probability of future economic benefit to PLAINTIFF, but at said clients' discretion based largely

28  on the quality of services provided, including, but not limited to, PLAINTIFF's ability to provide

1  them with trustworthy, valuable, lawful financial assistance.

2  31. Based on information and belief, DEFENDANT has been using PLAINTIFF's Name in

3  advertising, in its general performance of business, and in other areas to which PLAINTIFF is not

4  yet privy. As set forth hereinabove, DEFENDANT has been informed that its use of PLAINTIFF's

5  Name is not authorized by PLAINTIFF, and that it should terminate such use in business.

6  DEFENDANT persists in such use, and through its practices invites lawsuits and other such things

7  not yet fully discovered which cause negative word of mouth, and thereby direct PLAINTIFF's

8  clients to take their business elsewhere, away from PLAINTIFF.

9  32. As a result of DEFENDANT's ongoing actions, DEFENDANTS have caused interference

10  with, or disruption of the relationship between PLAINTIFF and its clients and potential clients.

11  33. As a direct and proximate result of DEFENDANT's intentional interference with

12  PLAINTIFF's prospective economic relations, PLAINTIFF has been injured in an amount of

13  damages to be determined according to proof at trial.

14                          PRAYER FOR RELIEF

15      WHEREFORE, PLAINTIFF prays for judgment against Defendant as follows:

16  1. For an Order preliminarily and permanently enjoining Broker Solutions, Inc., and each of its

17  agents, servants and employees and all others acting in concert with and having knowledge thereof,

18  from using the Name, or any likewise names thereof, in any manner whatever;

19  2. For an Order requiring Broker Solutions to transfer or otherwise relinquish the domain name

20  registration obtained for the domain name newamericanfunding.com, and any other uses of the

21  Name on the Internet;

22  3. For an accounting by Broker Solutions for any and all revenues and profits derived from its

23  wrongful actions and to pay PLAINTIFF such amounts and all damages which PLAINTIFF has

24  sustained by reason of acts complained of herein;

25  4. For an Order requiring Broker Solutions to restore to PLAINTIFF any benefits it has received as

26  a result of its use of the Name;

27  5. For general damages according to proof;

28  6. For damages in keeping with Cal.Bus.&Prof. Code §§ 14247(a),(b),14250(a), ;

COMPLAINT FOR DAMAGES                    6

1    7. For costs incurred;

2    8. For attorneys fees incurred;

3    9. For any and all further relief that the Court deems just and proper.

4

5

6    Dated: _9/23/2011_

7                                      Justin Sterling

8                                        Do Phu & Anh Tuan, PLC

9                                        Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES                         7

## PROOF OF SERVICE

STATE OF CALIFORNIA)
)ss
<u>COUNTY OF ORANGE</u>   )

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action. My business address is Law Offices of Do Phu & Anh Tuan, located at 10517 Garden Grove Blvd., Garden Grove, CA 92843.

On 9/23/2011, I served the following document(s) by placing a true and correct copy thereof enclosed in a sealed envelope addressed to all interested parties as listed below.

**DOCUMENT(S):**   First Amended Complaint

**PARTIES SERVED**

Broker Solutions, Inc.
Stark & D'Ambrosio, LLP
501 W. Broadway, Ste. 770
San Diego, CA 92101

[x]   (BY MAIL) as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Garden Grove, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]   (BY PERSONAL SERVICE)   As follows: I delivered by hand to the offices of the

[ ]   (BY FACSIMILE) as follows: I transmitted via facsimile to the Fax

[ X ] (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 23rd Day of September, 2011.

_____
*Ai Van Huynh*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1668 DOC (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NEW AMERICAN FUNDING, INC.

**DEFENDANTS**
BROKER SOLUTIONS, INC., dba NEW AMERICAN FUNDING; DOES 1 - 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
DO PHU & ANH TUAN, PLC
10517 Garden Grove Blvd.
Garden Grove, CA 92843          Telephone: (714)590-1700

Attorneys (If Known)
STARK & D'AMBROSIO, LLP
501 W. Broadway, Ste. 770
San Diego, CA 92101
Telephone: (619)338-9500

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☑ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☑ **MONEY DEMANDED IN COMPLAINT: $** According to proof.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff's Third Cause of Action arises under 15 U.S.C. § 1125(a)(1)(A), 15 U.S.C. § 1125(a)(1)(B), and 15 U.S.C. § 1125(c)(1).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## SACV11-01668 DOC (JPRx)

FOR OFFICE USE ONLY:    Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date October 20, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |