1 | **DO PHU & ANH TUAN, APLC**
2 | 10517 Garden Grove Boulevard
Garden Grove, California 92843
3 | Telephone: 714.590.1700, Fax: 714.590.7868

4 | Attorney for Plaintiff,
5 | NEW AMERICAN FUNDING, INC.

6 |

7 | **IN THE UNITED STATES DISTRICT COURT FOR THE**

8 | **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

9 |

10 | NEW AMERICAN FUNDING, INC.,         Case No.:  8:2011-cv-01668

11 |                    Plaintiff,       **NOTICE OF MOTION FOR ORDER REMANDING THE CASE TO STATE COURT AND FOR AN ORDER FOR PAYMENT OF COSTS AND ATTORNEY FEES**

12 | vs.

13 | BROKER SOLUTIONS, INC., d/b/a NEW
AMERICAN FUNDING; and DOES 1-10,
14 | inclusive

Date: 12/19/2011
15 |                    Defendant.       Time: 8:30 AM
Dept.   9D
16 |

17 |

18 |      Notice is hereby given that plaintiff herein will move this court on December 19, 2011 at
19 | 8:30 AM in Courtroom 9D for an order remanding the above matter to state court. Plaintiffs will
20 | also seek an order requiring defendant, Broker Solutions, Inc. to pay costs and attorney fees. The
21 | motion will be made on the basis that the notice of removal is defective, and that the court lacks
22 | subject matter jurisdiction. 28 U.S.C. 1446, 28 U.S.C. 1447.
23 |      The motion will be based on the Memorandum of Law filed herewith, the declaration of
24 | Justin Sterling, the file herein, and on such other information as may be developed at the hearing
25 | herein.
26 |

Notice of Motion to Remand - 1

1

2

3

4   DATED: 11/28/2011

5

6                                        Justin Sterling

7                                        Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1   **DO PHU & ANH TUAN, APLC**
2   10517 Garden Grove Boulevard
    Garden Grove, California 92843
3   Telephone: 714.590.1700, Fax: 714.590.7868

4   Attorney for Plaintiff,
5   NEW AMERICAN FUNDING, INC.

6

7               IN THE UNITED STATES DISTRICT COURT FOR THE

8            CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

9

10  NEW AMERICAN FUNDING, INC.,              Case No.:  8:2011-cv-01668

11                    Plaintiff,             **MEMORANDUM OF LAW IN SUPPORT**
                                             **OF A NOTICE OF MOTION FOR ORDER**
12       vs.                                 **REMANDING THE CASE TO STATE**
                                             **COURT AND FOR AN ORDER FOR**
13  BROKER SOLUTIONS, INC., d/b/a NEW        **PAYMENT OF COSTS AND ATTORNEY**
    AMERICAN FUNDING; and DOES 1-10,         **FEES**
14  inclusive
                                             Date: 12/19/2011
15                    Defendant.             Time: 8:30 AM
                                             Dept.   9D
16

17

18

19  **MEMORANDUM OF LAW IN SUPPORT OF A NOTICE OF MOTION FOR ORDER**

20  **REMANDING THE CASE TO STATE COURT AND FOR AN ORDER FOR PAYMENT**

21                    **OF COSTS AND ATTORNEY FEES**

22

23                          **INTRODUCTION**

24        28 U.S.C. §§ 1331-32 grants federal courts subject matter jurisdiction to hear cases in

25  which where there is complete diversity (diversity jurisdiction), and the amount in controversy

26

                          Motion to Remand - 1

1  exceeds the statutory minimum; and those claims which "arise under" federal law (federal

2  question jurisdiction). The procedure for removing from state court is outlined by 28 U.S.C. §

3  1446, which allows a defendant 30 days for removal, from the time he knew, or should have

4  known, that the case was removable.

5

6  ## STATEMENT OF FACTS

7

   New American Funding, Inc., Plaintiff, is suing Broker Solutions, Inc., alleging, among

8  other claims, violations of California's Unfair Competition Law—California Business and

9  Professions Code § 17200.

10

11     Broker Solutions, Inc., and New American Funding, Inc., are both California

12  corporations. Broker Solutions, Inc. is headquartered in Irvine, CA. Both corporations do

13  business in Orange County. Both corporations are involved in substantially the same kind of

14  business—home mortgage lending.

15

16     New American Funding began doing business in 1994, under a DBA filing. It then

17  incorporated in 1999, becoming New American Funding, Inc.

18

       In 2004, Broker Solutions, Inc. also began doing business as New American Funding.

19

20     After being on the receiving end of several law suits aimed at Broker Solutions, Inc.,

21  New American Funding sent a cease and desist letter, notifying Broker Solutions, Inc. of those

22  suits. New American Funding sent that letter in March 2010.

23

24     In February 2010 Broker Solutions, Inc. registered a service mark with the United States

   Patent and Trademark Office. The service mark was published for opposition in November, but

25  was unopposed. The service mark was officially registered on February 11, 2011.

26

1      New American Funding initiated the current suit against Broker Solutions, Inc. on July

2   5th, 2011.

3

4      Broker Solutions, Inc. demurred to the first complaint. Thereafter, New American

5   Funding filed a first amended complaint on September, 23, 2011.

6      On November 1, 2011, Broker Solutions, Inc. filed its Notice of Removal in federal

7   court. On November 3, 2011, Broker Solutions, Inc. served the Notice of Removal on New

8   American Funding, Inc.

9

10      New American Funding now moves to remand.

11                              **<u>DISCUSSION</u>**

12   THIS CASE MUST BE REMANDED TO STATE COURT BECAUSE DEFENDANT'S

13   MOTION TO REMOVE IS UNTIMELY AS A MATTER OF LAW UNDER 28 U.S.C. § 1446.

14

15      Pursuant to 28 U.S.C. § 1446(b), a removing defendant must file a notice of removal of a

16   civil action "within thirty days after the receipt by the defendant, through service or otherwise, of

17   a copy of the initial pleading setting forth the claim for relief upon which such action or

18   proceeding is based . . . ". The statute goes on to state that "[i]f the case stated by the initial

19   pleading is not removable, a notice of removal may be filed within thirty days after receipt by the

20   defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that

21   the case . . . has become removable . . . ". A party opposing removal of a case to federal court

22   may move the court to remand the case to state court. 28 U.S.C. § 1447(c). A motion to remand

23   must be filed within thirty days of the filing of the notice of removal. *Id.*

24

25

26

Courts have strictly construed removal statutes because, by their nature, they infringe upon state sovereignty. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir.1986), *cert. denied*, 479 U.S. 987 (1986). Thus all doubts should be construed in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

The Northern District of California has ruled on the issue of a removal's untimeliness. In *Siegler v. American Surety Company*, 151 F. Supp. 556 (N.D. Cal. 1957), Siegler sued American Surety over an insurance contract. American Surety removed to federal court, and Siegler brought a timely motion to remand based partly on the Defendant's failure to file its petition within the time prescribed by 28 U.S.C. § 1446(b). The Court held that the case must be remanded because the motion to remove was untimely. The Court stated that it did "not feel it necessary to reach any of the other issues raised by the parties, as it is apparent that the motion to remand must be granted on this latter ground." *Id.* at 557 (referring to the motion to remand based on untimeliness). The Court reasoned that "the failure of a party to exercise the right to remove within 20 days [now 30 days] after it initially becomes available to such party, puts the party in a position where he may not thereafter avail himself of [] removal . . . " *Id.* at 558.

The Ninth Circuit has also spoken on the issue of the 30 day time limit for removal in dicta. In *Fristoe v Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir. 1980), Fristoe, an employee of Reynolds, sued Reynolds over various common law claims. Reynolds then removed the action to federal court. Fristoe did not file a motion to remand, but rather waited until appeal to raise the issue of the removal's untimeliness. On Appeal, the Ninth Circuit ruled that Fristoe's motion to remand was untimely and therefore constituted waiver of all procedural defects; however, the

1    court noted that " . . . the time limit is mandatory and a timely objection to a late petition will

2    defeat removal." *Id.* at 1212.

3

4         Rule 6(a) of the Federal Rules of Civil Procedure provide for the computation of time "in

5    any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). The rule

6    states:

7              When the period is stated in days or a longer unit of time:
               (A) exclude the day of the event that triggers the period;
8              (B) count every day, including intermediate Saturdays, Sundays, and legal
               holidays; and
9              (C) include the last day of the period, but if the last day is a Saturday, Sunday, or
               legal holiday, the period continues to run until the end of the next day that is not a
10             Saturday, Sunday, or legal holiday.
               Fed. R. Civ. P. 6(a)(1)
11

12        Rule 6(d) provides for additional time if service is made by certain methods specified in

13   Rule 5(b). Under Rule 6(d), 3 days are added "after the period would otherwise expire under

14   Rule 6(a)" for specified forms of service in Rule 5(b), such as service by mail.

15        The California Code of Civil Procedure § 12 also describes a method for the computation

16   of time. Section 12 of the California Code states that "[t]he time in which any act provided by

17   law is to be done is computed by excluding the first day, and including the last, unless the last

18   day is a holiday, and then it is also excluded." Section 12(a) additionally provides that "[i]f the

19   last day for the performance of any act provided or required by law to be performed within a

20   specified period of time shall be a holiday, then that period is hereby extended to and including

21   the next day which is not a holiday." Cal. Code. Civ. Proc. § 12(a).

22

23        California Code of Civil Procedure § 1013(a) provides that "in case of service by mail . . .

24   any period of notice and any right or duty to do any act or make any response within any period

25   or on a date certain after service of the document . . . shall be extended five calendar days."

26

In the instant case, Defendant, Broker solutions has filed their notice of removal too late, under any method of computation of time.

The first amended complaint, the latest pleading in the case, was served on Broker Solutions, Inc. on September 23, 2011. Computation under the Federal Rules of Civil Procedure requires exclusion of this day. Fed. R. Civ. P. 6(a)(1)(A). Rule 6(a)(1)(B) requires the counting of all days including intermediate holidays, such as Columbus day on October 10. Thus the 30 day time limit begins to run on September 24th. Thirty days from this date would be October 24, 2011. Broker Solutions, Inc. did not file a Notice of Removal with the court until November 1, 2011. Thus, under the Federal Rules of Civil Procedure, Broker Solutions, Inc.'s removal is untimely by over a week.

Even assuming that Rule 6(d) of the Federal Rules of Civil Procedure applies, and 3 days are added "after the period would otherwise expire under Rule 6(a)" for specified forms of service in Rule 5(b), such as service by mail, Defendant's motion to remove is still untimely by at least five days.

An alternative analysis under California's Rules of Civil Procedure § 12 would yield a similar result. The first amended complaint, the latest pleading in the case, was served on Broker Solutions, Inc. on September 23, 2011. Excluding the first day, and including the last, pursuant to section 12, results in the time limit for removal expiring on October 24th, just as under the Federal Rules. Since October 24th was not a holiday, section 12(b) would not apply.

Even assuming that California Code of Civil Procedure § 1013 applies, and 5 days are added, Defendant's motion to remove is still untimely. Adding five additional days extends the

due date to Saturday October 29, 2011. Since October 29, is a Saturday, section 12(b) would apply, and would further extend the due date to Monday, October, 31, 2011. Under this analysis, Broker Solution's Notice of Removal would still be untimely, as they did not file the Notice for Removal with the court until November 1, 2011.

Neither Broker Solution's backdating of the Notice of Removal to October 26, nor its assertion that it filed within the statutory 30 days, changes the actual filing date. Therefore, Broker Solution's Notice of Removal is untimely, and this case must be remanded to State Court.

THIS CASE MUST BE REMANDED TO STATE COURT BECAUSE THIS CASE DOES NOT RAISE A FEDERAL QUESTION OVER WHICH A FEDERAL COURT HAS SUBJECT MATTER JURISDICTION, NOR ARE THE PARTIES DIVERSE.

Federal courts will have jurisdiction over a claim when parties are diverse and the amount in controversy exceeds the statutory minimum; or when the Plaintiff's action "arises under" federal law.

An action "arises under" federal law if federal law creates the cause of action and/or grants federal jurisdiction to hear the case, or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See Merrell Dow Pharmaceuticals, Inc., v. Thompson*, 478 U.S. 804 (1986). If the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his or her claim does not "arise under" federal law for purposes of 28 U.S.C. § 1331. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811 (4th Cir. 2004).

With regard to claims under California's Unfair Competition Law statute, Cal. Bus. & Prof. Code § 17200, the law is well settled that mere references to federal law do not confer federal question jurisdiction. *See, eg., Lippit v. Raymond James Fin. Serv's.*, 340 F.3d 1033 (9th Cir. 2003); *Ortiz v. Indymac Bank, F.S.B.*, 2010 WL 2035791, at *1, n.3 (C.D. Cal. May 20, 2010); *Leal v. U.S. Bank Nat'l Ass'n*, 2010 WL 2035791, at *2 (C.D. Cal. June 9, 2010) ("Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the action into a federal claim."); *Montoya v. Mortgageit, Inc.*, 2010 WL 546891 at *2-3 (N.D. Cal. Feb. 10, 2010); *O'Grady v. Wachovia Bank*, 2008 WL 438482 at *2 (C.D. Cal. Sept. 10, 2008).

In *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033 (9th Cir. 2003), Lippitt sued a number of national brokerage firms alleging violations of California's Unfair Competition Law, codified at Cal. Bus. & Prof. Code § 17200, et seq. The Defendants removed the case, asserting that the district court had original jurisdiction because Lippitt's UCL claim sought to implement and enforce rules and regulations of the New York Stock Exchange that were created pursuant to the Exchange Act. The District Court denied Lippitt's motion to remand. On appeal, the Ninth Circuit reversed, and remanded, holding that "[i]t is a 'long-settled understanding that the mere presence of a federal issue in a cause of action does not automatically confer federal-question jurisdiction.'" *Id.* at 1040 (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, (1986)).

The Ninth Circuit reasoned that "federal law is not a necessary element of Lippitt's UCL claim," *Id.* at 1043, because section 17200 provides for two different types of UCL claims: "(1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Id.* at 1043. Since these claims are written in the disjunctive, a practice

may be prohibited under section 17200 as 'unfair' or 'deceptive' even if it is not 'unlawful', or vice versa. *Id.* at 1043. Therefore, his claim was automatically supported by an independent state law claim, because a jury could find the defendant's conduct was prohibited under section 17200, without finding that the Defendant had violated a federal law.

In *Guerra v. Carrington Mortgage Services, LLC.*, 2010 WL 2630278 (C.D. Cal. Jun. 29, 2010), the Guerras, Plaintiffs, sued Carrington Mortgage Services, and a number of other mortgage and foreclosure companies for "false representations" designed as part of a "deceptive scheme" "to sell risky and costly loans" to homeowners. *Id.* at *1. One of the Guerras' claims was under California's Unfair Competition Law—Cal. Bus. & Prof. Code § 17200. To support their section 17200 claim, Plaintiffs allege[d] violations of RICO, 18 U.S.C. §§ 1961-1968, the Fair Debt Collection Practices Act, and 42 U.S.C. §§ 1981, 1982. *Id.* at *1. Defendants attempted to remove to federal court, contending that "Plaintiffs allege federal questions in the Complaint." *Id.* at *1. The Central District of California, nevertheless, remanded the case for lack of subject matter jurisdiction. *Id.* at *1. In doing so, the court stated that "California District Courts have held that mere references to federal law in UCL claims do not convert them into a federal cause of action." *Id.* at *2.

Following the reasoning in *Montoya v. Mortgageit, Inc.*, 2010 WL 438482 (N.D. Cal. Feb. 10, 2010), the *Guerra* Court ruled that because the claim arose under the UCL, "it is state, not federal, law that creates the cause of action." *Id.* at *2 (quoting *Montoya v. Mortgageit, Inc.*, 2010 WL 438482, at *3 (N.D. Cal. Feb. 10, 2010).

In *Strickland v. Wells Fargo Bank*, 2011 WL 111425 (N.D. Cal. Jan. 13, 2011), Wells Fargo classified certain mortgage employees as exempt from overtime. Strickland and other

1   employees, sued alleging violations of the California Labor code, and Business and Professions

2   Code § 17200. In doing so, they alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§

3   206, 207, as a basis for relief under section 17200. Wells Fargo attempted to remove. The

4   Northern District remanded.

5

6       The Court held that the UCL was a state claim, and thus did not "arise under" federal

7   law. "In asserting a section 17200 claim, plaintiffs have pled a state, and not a federal, cause of

8   action." *Id.* at *3. The court reasoned that "[s]ection 17200 borrows violations of other laws and

9   treats them as unlawful practices that the unfair competition law makes independently

10  actionable." *Id.* at *3, (quoting *Cel-Tech Commc'ns, Inc. v Los Angeles Cellular Tel. Co.*, 20 Cal.

11  4th 163, 180 (1999 Cal.)). In fact, California courts have stated that "[v]irtually any law—

12  federal, state or local—can serve as a predicate for an action under [section 17200]." *Id.* at *3

13  (quoting *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1360 (2010)).

14

15      The Court reasoned that despite section 17200's borrowing of laws, "17200 provides

16  distinct remedies," and therefore is substantively different than the borrowed provisions. *Id.* at

17  *3. Because the UCL provides for distinct remedies, a plaintiff "may choose to pursue state law

18  causes of actions exclusively and forego whatever alternative remedies might be available to

19  [him]". *Id.* at *4. The Court stated that "[t]he state of California has chosen to create a cause of

20  action that sweeps in a broad range of predicate unlawful conduct, and the fact that a federal law

21  is 'borrowed' does not by itself establish jurisdiction in [federal] court." *Id.* at *3.

22

23      The *Strickland* Court also noted that allowing removal in this kind of instance would lead

24  to an absurd result. "Taken to its logical conclusion, defendant's argument would create federal

25  jurisdiction any time a section 17200 claim borrows a violation of federal law." *Id.* at *4

26

Motion to Remand - 10

The Court then addressed the applicability of a federal defense. The court denied that a federal defense would be grounds for removal. "It is axiomatic that defendant may not remove an action to federal court on the grounds that a federal defense likely will be dispositive of the case." *Id.* at *4.

The rule that the anticipation of a federal defense is not an appropriate ground for removal is often called the *Tennessee-Gully* principle, after the two Supreme Court cases that established it. *Tennessee v Union & Planters' Bank*, 152 U.S. 454 (1894) *and Gully v. First National Bank in Meridian*, 299 U.S. 109 (1936).

Several courts have held that, especially regarding trademark claims, existence of a federal defense is insufficient for removal. *See Vision Center v. Opticks, Inc.*, 596 F.2d 111, 114 (5th Cir. 1979) (stating "The fact that [Defendant's] Lanham Act registration may be a defense to a state trade name infringement claim affords no basis for original federal question jurisdiction."); *La Chemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339 (3rd Cir. 1974).

In *La Chemise Lacoste v. the Alligator Company, Inc.*, 506 F.2d 339 (3rd Cir. 1974), Lacoste sued Alligator alleging violations of state trademark law, *Id.* at 341, and "seeking state declaratory relief because Alligator had threatened coercive action against Lacoste for using the trademark on toiletries." *Id.* at 342. Alligator sought removal because had it made good on its threats to sue Lacoste, it would have been privileged to do so under the Lanham Act since Alligator was the US trademark holder. The district court allowed removal. On appeal, after a trial on the merits, the Third Circuit Court of Appeals reversed, and remanded the case to state court for lack of subject matter jurisdiction.

The Court held that the "defendant's status as a federal trademark owner is a matter for defense, and, under the *Tennessee-Gully* principle, one wholly inappropriate to the federal question determination. *See, e.g., Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673-673 (1950)." *Id.* at 345.

Alligator, additionally, sought a determination that federal court was proper under the artful pleading doctrine. The Third Circuit denied this because Lacoste's complaint did not state what type of suit Alligator threatened to bring. If Alligator had sued under the Lanham Act, it could have brought that suit in federal court. But it also could have brought two other suits that would have stayed in state court: a state common law trademark infringement suit, and an unfair competition suit under state law. *Id.* at 345.

Lastly, Alligator argued that federal law preempts the field. The Third Circuit rejected this argument outright. *Id.* at 346. The court stated that "Lanham Act generally does not preempt state regulation of trademarks, statutory or common law." *Id.* at 346 (citing *Gardner v. Clark Oil Refining Corp.*, 383 F. Supp. 151 (E.D.Wis.1974); *Fischer v. Holiday Inn of Rhinelander, Inc.*, 375 F. Supp. 1351, 1353 (W.D.Wis.1973); *Application of State of New York*, 362 F. Supp. 922, 927-928 (S.D.N.Y.1973); *M&D Simon Co. v. R. H. Macy & Co.*, 152 F. Supp. 212. 215 (S.D.N.Y.1957)).

In the case at hand, New American Funding, and Broker Solutions, Inc. are both California corporations. They are not diverse, and therefore cannot be in federal court based on diversity.

Like in *Guerra* and *Montoya*, New American Funding has alleged a UCL claim, and it is state, not federal, law that creates the cause of action.

New American Funding has not alleged any federal law claims. Like the plaintiffs in *Guerra* and *Strickland*, it has merely mentioned federal law through its pursuit of a state unfair competition law claim under California Business and Professions Code, section 17200. Just like for those Plaintiffs, "[m]erely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the action into a federal claim." *Leal v. U.S. Bank Nat'l Ass'n*, 2010 WL 2035791, at \*2 (C.D. Cal. June 9, 2010). Therefore this case should be remanded.

Like *Lippitt*, New American Funding's section 17200 claim does not depend on federal law. A jury could find Broker Solutions, Inc.'s conduct "unfair" or "fraudulent," without finding it to be "unlawful." Furthermore, under the second prong of section 17200, a jury may find that Broker Solutions, Inc.'s advertising to be "unfair," "deceptive," or "misleading" without relying on federal law at all. Therefore, this case, like *Lippitt*, must be remanded.

Like the plaintiff in *Strickland*, New American Funding seeks a state law remedy under California's UCL statute. Section 17200's remedies are separate and cumulative with any remedy sought under federal law. New American Funding is not seeking remedies under federal law. New America Funding seeks only state law remedies afforded to it under section 17200. Therefore, like in *Strickland*, this case should be remanded.

As the Third Circuit noted in *Lacoste*, the Lanham Act does not preempt the field. Both state common law trademark claims, and state UCL claims are appropriately brought, and

1    litigated in state court. Therefore, this case must be remanded because New American Funding

2    does not seek adjudication under federal law.

3

4         Like in *Vision Center v. Opticks*, and *Lacoste*, Broker Solutions, Inc.'s status as a U.S.

5    trademark holder is a matter for defense, and is not an appropriate ground for federal question

6    jurisdiction under to the *Tennessee-Gully* principle. The *Tennessee-Gully* principle specifically

7    keeps this case out of federal court.

8

     THE COURT ORDER THE PAYMENT OF COSTS AND ATTORNEY FEES

9

10        When a matter is remanded to state court, the remand order may require the payment of

     just costs and expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C.

11

     1447 (c).

12

13        In the current matter, the notice of removal is clearly defective. The notice was filed late.

14   The notice declared that it was timely, but was not, and Defendant's backdating of the motion is

15   insufficient to make it timely.

16        Further, removal is improper in this case, because the court lacks subject matter

17   jurisdiction.

18        Accordingly, Plaintiff requests costs and attorney fees in the amount of $2400.00 as set

19   forth in the declaration of Justin Sterling, which have been incurred as a result of the improper

20   removal.

21                                    **CONCLUSION**

22

23        This case must be remanded to state court, because Broker Solutions, Inc.'s removal is

24   untimely and mere mention of federal law in New American Funding's UCL claim under section

25   17200 does not confer federal question jurisdiction.

26

                                    Motion to Remand - 14

With respect to trademark litigation, federal law does not preempt the field, and Broker Solution's status as a federal trademark holder is a possible defense that does not confer federal question jurisdiction under the *Tennessee-Gully* principle. Therefore this case must be remanded, and the court should require payment of the costs incurred as a result of the removal.

DATED: 11/28/11

Justin Sterling

Attorney for Plaintiff